**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ROBERT CIRONE,

    Petitioner,

-vs-                                          Case No. 8:12-CV-53-T-30TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Before the Court is Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 ("petition") (Dkt. 1). Upon consideration, the Court concludes that the petition is subject to dismissal as time-barred under 28 U.S.C. § 2244(d). *See Day v. McDonough,* 126 S.Ct. 1675, 1684 (2006) (district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions). *See also Jackson v. Sec. for the Dep't of Corrs.,* 292 F.3d 1347, 1348-49 (11th Cir. 2002) (before addressing the merits of a state prisoner's request for federal habeas relief, a district court may determine whether the petition is barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")).

The AEDPA created a limitations period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application

for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's judgment of conviction was entered on February 19, 2009. Petitioner did not file a direct appeal.[1] Therefore, his judgment of conviction became final 30 days later on March 21, 2009. *See Gust v. State*, 535 So. 2d 642, 643 (Fla. 1st DCA 1988) (holding that when a defendant does not appeal his conviction or sentence, the judgment and sentence become final when the thirty-day time period for filing an appeal expires). According to the Polk County Clerk of Court's website, on March 5, 2009, Petitioner filed a motion for mitigation and reduction of sentence, and on March 23, 2009, Petitioner filed a motion to correct sentence, both of which were denied on April 1, 2009 (see Dkt. 1 at 16).[2] On April 10, 2009, Petitioner filed a Rule 3.850 motion for post conviction relief, which was denied

---

[1] Although the petition indicates that Petitioner did appeal from the judgment of conviction (Dkt. 1 at 2), Petitioner's state Rule 3.850 motion, a copy of which Petitioner attached to his petition, indicates that Petitioner did not appeal the judgment of conviction (Id. at 16). Moreover, the Court takes judicial notice of information on the Polk County Clerk of Court's website, www.polkcountyclerk.net/, and the Florida Second District Court of Appeal's website, www.2dca.org/, viewed on January 11, 2012, which reveals that Petitioner did not file a direct appeal from the judgment of conviction. Fed.R.Evid. 201.

[2] Petitioner did not file an appeal from the orders denying these post conviction motions.

2

on May 8, 2009.[3] On May 19, 2009, Petitioner filed his fourth post conviction motion, which was dismissed on June 18, 2009 (Id. at 17). Petitioner did not appeal the order dismissing his fourth post conviction motion. Consequently, as a result of Petitioner's state post conviction motions, the AEDPA's one-year limitation period was tolled from March 21, 2009 (the date the judgment of conviction became final), through July 18, 2009 (when the thirty-day time period for filing an appeal of the June 18, 2009 order denying Petitioner's May 19, 2009 post conviction motion expired).

Four hundred (400) days elapsed before Petitioner filed his next post conviction motion on August 23, 2010 (Dkt. 1 at 17). The August 23, 2010 motion, however, was filed after the expiration of the federal limitation deadline on July 19, 2010.[4] As a consequence, the August 23, 2010 motion did not toll the federal limitation period. "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period." *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

Petitioner's federal habeas petition, dated January 9, 2012, was filed well beyond the federal limitation deadline of July 19, 2010. Consequently, his petition is untimely.

**Equitable Tolling**

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with

---

[3]Petitioner did not file an appeal from the order denying this Rule 3.850 motion.

[4]July 18, 2010, was a Sunday.

diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). In the instant case, Petitioner has not alleged that there were extraordinary circumstances that were both beyond his control and unavoidable with diligence. Therefore, he is not entitled to equitable tolling. Consequently, the petition must be dismissed as time-barred.

Accordingly, the Court **ORDERS** that:

1. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time-barred.

2. The **Clerk** shall terminate any pending motions and close this case.

3. If Petitioner can show by record evidence that his petition is not time-barred, the Court will entertain a motion to reopen this case if Petitioner files the motion on or before **February 8, 2012.**

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2)

4

the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on January 11, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*